William B. DUNCAN, Plaintiff—
Appellant,

v.

Wayne WEATHERFORD, Superinten-
dent of the Willows Unified School
District; et al, Defendants—Appellees.

No. 01–15422.

D.C. No. CV–99–00318–GEB.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2001.*

Decided Dec. 28, 2001.

Before SCHROEDER, Chief Judge,
TROTT, and PAEZ, Circuit Judges.

MEMORANDUM **

William Duncan appeals pro se the district court's summary judgment for school district officials in his 42 U.S.C. § 1983 action alleging violation of the First Amendment and Fourteenth Amendments and retaliation. We have jurisdiction pursuant to 18 U.S.C. § 1291, and we affirm.

We review the district court's application of its local rules for abuse of discretion. *See Delange v. Dutra Const. Co.*, 183 F.3d 916, 919 n. 2 (9th Cir.1999) (per curiam).

Local rules setting a time limit for filing an opposition to summary judgment are not inconsistent with Federal Rule of Civil Procedure 56(c). *See Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir.1995) (stating that even if court properly disregards a late filing, it must still ascertain that movant's papers show entitlement to summary judgment as a matter of law). Accordingly, the district court's refusal to consider Duncan's untimely opposition was within its discretion.

We review de novo the district court's grant of summary judgment on the ground of qualified immunity. *See Case v. Kitsap County Sheriff's Dep't*, 249 F.3d 921, 925 (9th Cir.2001).

The school district officials are entitled to qualified immunity because their conduct toward Duncan was reasonable under the circumstances known to officials at the time, and in light of clearly established law. *See Anderson v. Creighton*, 483 U.S. 635, 639–40, 107 S.Ct. 3034, 97 L.Ed.2d 523; *see also Orin v. Barclay*, 272 F.3d 1207, 1214–15 (9th Cir.2001) (setting forth standard for qualified immunity in First Amendment case). The school district officials presented uncontroverted evidence that their conduct was reasonable in that it was not intended to chill Duncan's speech but was substantially motivated by Duncan's disruptive behavior. *See Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir.1999). Accordingly, we affirm the district court's grant of summary judgment based on qualified immunity.

**AFFIRMED.**

---

* Because this panel unanimously finds this case suitable for decision without oral argument, *see* Fed. R.App. P. 34(a)(2), Duncan's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.